IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LESTER MOODY                               :
                                           :
     v.                                    :     CIVIL NO. CCB-09-1428
                                           :
ERIC K. SHINSEKI, Secretary                :
U.S. Department of Veteran Affairs         :
                              ...o0o...

**MEMORANDUM**

Lester Moody, identifying himself as 50 years old, "bipolar, schizophrenic, and paranoid," filed suit in this court on May 29, 2009 alleging that he was discriminated against on the basis of age and mental disability. His claim appears to rise from the failure of Department of Veteran Affairs ("VA") to select him for a GS-9 position with the Veteran Benefits Administration ("VBA") in May, 2008.

Now pending is a motion to dismiss filed on behalf of the defendant. The VA argues that Mr. Moody's claim should be dismissed for failure to exhaust his administrative remedies. Mr. Moody has opposed the motion "because the issues raised in the brief are moot."

Whether dismissal for failure to exhaust administrative remedies is required under the particular facts of this case is a close question. Mr. Moody filed a timely complaint with the EEOC on June 16, 2008, alleging discrimination on the basis of race, color, disability, age, sex, and national origin.[1] Government Mem. Ex. 1. The EEOC issued a final agency decision on February 2, 2009 finding no discrimination. Mr. Moody then filed a timely appeal with the EEOC but failed to wait for a final decision or for 180 days to pass without a decision, before filing suit in this court. On August 27, 2009 the EEOC dismissed Mr. Moody's appeal under 29 C.F.R. § 1614.409 which provides that the filing of a civil action "shall terminate Commission

---

[1] In his complaint he lists numerous statutes but identifies only age and disability as the basis for discrimination.

1

processing of the appeal."

Whether a failure to fully exhaust administrative remedies prior to filing a complaint is jurisdictional, such that the premature complaint must be dismissed rather than stayed, appears to be an unsettled question in this Circuit. *See Foote v. Stone*, 1991 WL 278793, at *2 (4th Cir. Dec. 31, 1991) (remanding under similar circumstances as to an ADEA claim for further consideration in light of *Stevens v. Dep't of the Treasury,* 500 U.S. 1 (1991)); *see also Mabrey v. Roy Whites Florist, Inc.,* 1987 WL 37863, at *1 (4th Cir. July 7, 1987); *cf. Glidden v. Furgal,* 2009 WL 632315, at *2 (D.S.C. March 11, 2009). The other Circuits' varying approaches are discussed in, *e.g., Brown v. Snow,* 440 F.3d 1259, 1263 (11th Cir. 2006).

A review of Mr. Moody's complaint, however, suggests that he has failed to state a claim under Fed.R.Civ.P. 12(b)(6). No facts, other than the bare allegations of his age and mental health conditions, are proffered that appear to support a "plausible" claim. *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009).

Accordingly, the motion to dismiss will be denied, but the court *sua sponte* will give the plaintiff notice of its intent to dismiss the complaint unless Mr. Moody can show that he has stated a plausible claim of discrimination. A separate Order follows.

September 21, 2010                             /s/
    Date                                     Catherine C. Blake
                                              United States District Judge